UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nelson G., | File No. 26-cv-851 (ECT/DJF) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and Joel Brott, *Sheriff of Sherburne County Jail*, | |
| Respondents. | |

Luke Grundman and Michelle Monserrat Gonzalez, Mid-Minnesota Legal Aid, Minneapolis, MN, for Petitioner Nelson G.

Ana H. Voss and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Daren K. Margolin, Executive Office for Immigration Review, Kristi Noem, Department of Homeland Security, Todd M. Lyons, and David Easterwood.

Petitioner Nelson G. is an Ecuadorian citizen who entered the United States without inspection on or about July 28, 2023. Pet. [ECF No. 1] ¶¶ 9, 38–39. Nelson "entered the United States and encountered Customs and Border Patrol," and he "was detained for approximately two weeks and released on his own recognizance 'in accordance with

Section 236 of the Immigration and Nationality Act.'" *Id.* ¶ 40; *see* ECF Nos. 2-1, 2-2. The Department of Homeland Security "placed [Nelson] in removal proceedings pursuant to 8 U.S.C. § 1229a." Pet. ¶ 10. On February 23, 2024, Nelson "filed an application for asylum." *Id.* ¶ 41. "On August 21, 2024, Respondents issued [Nelson] a work authorization card, which is valid until August 20, 2029." *Id.* On December 5, 2025, Nelson "was detained by immigration authorities . . . without an administrative arrest warrant." *Id.* ¶ 9; *see id.* ¶ 46 ("Respondents provided no warrant for his arrest."). Nelson is "presently held in ICE custody in Sherburne County Jail in Elk River, Minnesota." *Id.* ¶ 48; *see also id.* ¶¶ 22, 24. Nelson "has no criminal convictions of the sort that would subject him to mandatory custody under 8 U.S.C. § 1226(c)." *Id.* ¶ 44. Respondents[1] do not dispute the Petition's facts. *See* ECF No. 5 at 2, 7.

Nelson challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 18. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 50–75; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Nelson, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment and the Immigration and Nationality Act and its implementing regulations. *See* Pet. ¶¶ 91–117. Nelson seeks a declaration that his detention absent a bond hearing violates the Due

---

[1] When used in this Order, "Respondents" refers to the federal officials named as Respondents. Respondent Joel Brott, the Sherburne County Sheriff, has not appeared in these proceedings. *See* Dkt.

Process Clause of the Fifth Amendment; issuance of a writ of habeas corpus requiring his release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a); issuance of an order restraining Respondents from moving him out of this District during the pendency of his Petition; attorneys' fees and costs; and "all further relief this Court deems just and proper." Pet. at 30–31.

Acknowledging that the Petition "raise[s] legal and factual issue similar to those in prior habeas petitions that this Court has decided," Respondents argue that Nelson's Petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 5 at 7. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Nelson has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D.

---

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Nelson's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Nelson has lived in the United States for more than two years. *See* Pet. ¶ 39. His detention falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me.

---

[3]   Respondents do not argue that Nelson is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Nelson's detention. *See* ECF No. 5; *see also* Pet. ¶ 37 ("Petitioner entered the United S[t]ates without inspection and is not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.").

4

Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).  Here, Nelson alleges that he was arrested without a warrant.  Pet. ¶¶ 2, 9, 46.  Respondents were ordered to include in their answer "[w]hether the absence of a warrant preceding [Nelson's] arrest necessitates [Nelson's] immediate release."  *See* ECF No. 4 at 2.  Respondents have not produced a warrant, nor have they advanced any specific argument that Nelson's release is an unwarranted remedy.  *See* ECF No. 5 at 7 (acknowledging that "many judges in this District conclude the absence of a warrant preceding a petitioner's arrest necessitates immediate release").

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings."  *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also*

5

*Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

### ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Nelson G.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 2, 2026, at 9:40 a.m.        s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court

---

[4] The resolution of this statutory-interpretation question in Nelson's favor makes it unnecessary to address the Petition's remaining grounds, including Nelson's assertion that he is entitled to release as a "bond class member certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.)." *See* Pet. ¶¶ 4, 13.